# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE GONZALEZ, | CASE NO. 1:11-cv-01266-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| VISALIA POLICE DEPARTMENT, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On August 1, 2011, Plaintiff Rene Gonzalez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.      SUMMARY OF COMPLAINT**

Plaintiff names the Visalia Police Department, Officer Saenz, and Officer Martinez as Defendants in this action.  Plaintiff alleges the following:

On August 4, 2010, two police officers arrived at Plaintiff's apartment in response to a noise complaint and instructed Plaintiff to return to his apartment and turn down the volume of his music. Those officers left without incident. Plaintiff then realized that he had locked himself out of his apartment and could not immediately turn down the volume of his music. Plaintiff was looking for his keys as the apartment manager approached and asked if Plaintiff had lost something.  At that point, Officers Saenz and Martinez arrived at Plaintiff's apartment. One of them, the male, called out Plaintiff's name, tackled him, and slammed his head into the ground at least twice, knocking out two front teeth. (Compl. at 3.)

2

IV.   **ANALYSIS**

    A.   **Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

    B.   **Municipal Liability**

The Complaint identifies the Visalia Police Department, a municipal entity, as a Defendant. A local government is liable under § 1983 only if a constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [entity's] officers." Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 960 (9th Cir. 2010) (quoting Monell v. Department of Social Services, 436 U.S.

3

658, 690 (1978)).  A local government entity will be liable "only where the entity's policies evince a 'deliberate indifference' to the constitutional right and are the 'moving force behind the constitutional violation.'"  Id. (quoting Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008)).  A policy can be an official policy or one made "by those whose edicts or acts may fairly be said to represent official policy."  Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (quoting Monell, 436 U.S. at 694).  It can also be a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law."  Gillette v. Delmore, 979 F.2d 1342, 1348–49 (9th Cir. 1992) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

Thus, to prevail on a § 1983 claim against a municipal defendant, a plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.  See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).  A municipal policy is the "moving force" behind a constitutional violation if it is the proximate cause of the constitutional injury.  Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

Plaintiff has failed to allege municipal liability.  The Complaint does not identify any specific policy, widespread practice, or ratified conduct that was the moving force behind the alleged constitutional violation.  As plead, the Complaint simply describes the actions of an individual officer acting on his own.

The Court will grant Plaintiff an opportunity to amend to allege truthful facts, not opinion or speculation, identifying specific policies and practices of the Visalia Police

Department, if any, that were the moving force behind the alleged use of excessive force against Plaintiff.

### C. Excessive Force

A claim that a law enforcement officer used excessive force during the course of an arrest is analyzed under the Fourth Amendment and an objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 395 (1989). Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force: it is the need for force which is at the heart of the Graham factors.'" Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994). The Graham factors are a non-exhaustive list of considerations used to measure the amount of force that is necessary in a particular situation: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

"The right to employ 'some degree of physical coercion or threat thereof' to effect an arrest accompanies the right to make the arrest . . . ." Brooks v. City of Seattle, 599 F.3d 1018, 1025 (9th Cir. 2010) (quoting Graham, 490 U.S. at 396). However, the force applied must be necessary to be reasonable. Where police have control over a suspect, the use of further force to bring the suspect under control may be unreasonable. Id.

Plaintiff alleges that he was standing outside of his apartment after a police officer had instructed him to turn down his stereo inside. Another officer, the male Defendant, then tackled Plaintiff and slammed his head into the ground causing the injury described above. (Compl. at 3.)

5

Applying the Graham factors, Plaintiff has not pled facts sufficient to state a cognizable claim for excessive force in violation of his Fourth Amendment rights. The severity of Plaintiff's crime, if only noise disturbance, certainly seems minimal. If, in addition, Plaintiff was not an immediate threat to the safety of the officers or the public and was not in flight, it may be that the Plaintiff could state an excessive force claim. However, the facts in Plaintiff's Complaint do not address these issues; they leave them unspoken. The factual allegations do not reveal what, if anything, Plaintiff was saying or doing at the time defendants arrived. If he was standing quietly and immobile outside of his apartment when Defendant police officer, with no warning, justification, or motivation whatsoever other than to cause harm to Plaintiff, ran up and tackled him violently to the ground, he should explicitly so allege. If, however, words were exchanged or Plaintiff reacted in other ways to the Defendant officers' arrival, Plaintiff should so state.

In addition, the complaint names two officers as Defendants, but only one tackled Plaintiff. The Court is unable to discern how the other officer, the female, violated Plaintiff's federal rights. Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The Court will provide Plaintiff with an opportunity to amend. In order to state a cognizable claim, Plaintiff must address the specific deficiencies discussed above and describe what each officer did to violate his rights.

6

## V. **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed August 1, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: April 27, 2012         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE