UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE GONZALEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>VISALIA POLICE DEPARTMENT, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:11-cv-01266-AWI-MJS (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 12)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.      PROCEDURAL HISTORY**

On August 1, 2011, Plaintiff Rene Gonzalez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On April 30, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 9.) Plaintiff's First Amended Complaint (ECF No. 12) is now before the Court for screening.

**II.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff names Officers Juan Saenz and Erica Martinez of the Visalia Police Department as Defendants in this action. Plaintiff alleges the following:

On August 4, 2010, Plaintiff was outside "looking around" his apartment. The property manager approached and asked Plaintiff if he had lost his keys. The Defendants then approached Plaintiff. As Defendant Martinez came within three feet of Plaintiff, Martinez started assaulting Plaintiff. Martinez "continued to assault [Plaintiff] for no reason. [Plaintiff] could only try to cover up . . . and pray for God's help for [D]efendant Martinez to stop." The Defendants transported Plaintiff to a hospital. Plaintiff told the Defendants what they did was wrong. In response, Martinez twisted Plaintiff's arm and assaulted Plaintiff again until Plaintiff lost consciousness. (Compl. at 3.)

2

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Excessive Force

A claim that a law enforcement officer used excessive force during the course of an arrest is analyzed under the Fourth Amendment and an objective reasonableness standard. Glenn v. Washington County, 673 F.3d 864, 871 (9th Cir. 2011) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force: it is the need for force which is at the

heart of the Graham factors.'" Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994).  The Graham factors are a non-exhaustive list of considerations used to measure the amount of force that is necessary in a particular situation: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

"The right to employ 'some degree of physical coercion or threat thereof' to effect an arrest accompanies the right to make the arrest . . . ." Brooks v. City of Seattle, 599 F.3d 1018, 1025 (9th Cir. 2010) (quoting Graham, 490 U.S. at 396).  However, the force applied must be necessary to be reasonable.  Where police have control over a suspect, the use of further force to bring the suspect under control may be unreasonable.  Id.

Plaintiff alleges that he was standing outside of his apartment "looking around," when the Defendants approached.  Without warning or provocation, Defendant Martinez began assaulting Plaintiff.  Afterwards the Defendants took Plaintiff to a hospital, where Plaintiff "told the officers that what they did wasn't right . . . ."  In response, Martinez attacked Plaintiff a second time. (Compl. at 3.)[1]

Plaintiff's allegations are not sufficient to state a cognizable claim against either Defendant.  The Court's previous screening order notified Plaintiff that in order to state a

---

[1] Both alleged assaults are to be measured by the Fourth Amendment standard. See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1042-43 (9th Cir. 1996) (The Fourth Amendment continues to afford protection to "an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest."); see also Lolli v. County of Orange, 351 F.3d 410, 415-17 (9th Cir. 2003) (applying Fourth Amendment standards for excessive force claim brought by a pre-arraignment detainee).

4

cognizable claim, he must supply factual allegations that clearly address the Graham factors, i.e. the circumstances of the arrest. (ECF No. 9 at 6.) The First Amended Complaint has not cured this deficiency. Instead, a second instance of excessive force is alleged without any information as to what exactly preceded the acts claimed to be excessive force.

Plaintiff's failure to specifically articulate the circumstances of the arrest is of notable importance in light of the Supreme Court's determination in Graham that the "reasonableness" inquiry in an excessive force case is an "objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." Graham, 490 U.S. at 397 (citing Scott v. United States, 436 U.S. 128, 137-39 (1978)). Plaintiff may be able to state a cognizable claim. See Robinson v. Solano County, 278 F.3d 1007, 1014 (9th Cir. 2002) (holding an officer's use of force was excessive in the absence of any of the factors enumerated in Graham); see also, P.B. v. Koch, 96 F.3d 1298, 1303 n. 4 (9th Cir.1996) (where there is no need for force, any force used is constitutionally unreasonable). However, without allegations regarding those "facts and circumstances," the Court does not have a sufficient basis to determine whether Plaintiff states a cognizable claim.

The Court will provide Plaintiff one **final** opportunity to amend. To state a cognizable Fourth Amendment claim, Plaintiff must fully describe the circumstances of each alleged instance of excessive force. If Plaintiff was standing peacefully, unsuspected of a crime, not a threat to the officers or the public, and not resisting arrest, then he should so allege and fully support the allegations by describing the factual circumstances

surrounding each instance of alleged excessive force.[2] Plaintiff was previously advised of these deficiencies in his pleading, but did nothing to address them. Instead he simply added another defective claim. The Court will not continue to indulge these deficiencies or give Plaintiff repeated opportunities to correct them. Plaintiff is ORDERED to provide, with regard to each of the two alleged incidents, the information requested above by the Court. If he fails to do so again, his claim will be dismissed for failure to state a claim and for failure to obey a court order.

Further, as to the claim against Defendant Saenz in particular: "[p]ursuant to a long line of civil cases, police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." United States v. Koon, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). In such cases, "the constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." Koon, 34 F.3d at 1447 n. 25. In this regard, a law enforcement officer who fails to intercede when his fellow officers deprive a victim of his Fourth Amendment right to be free from an excessive use of force would, like his fellow officers, be liable for depriving the victim of his Fourth Amendment rights. Id.

However, a law enforcement officer may only be held liable for failing to intercede if he had a "realistic opportunity" to do so. See Cunningham, 229 F.3d at 1289-90. For

---

[2] On June 18, 2012, Plaintiff filed "a declaration on [his] statement of complaint . . . ." (ECF No. 14.) The Court interpreted Plaintiff's filing as a motion to amend the First Amended Complaint. However, as the local rules require that amended pleadings be complete within themselves without reference to another pleading, Plaintiff's motion was denied. (ECF No. 15.) Plaintiff should take note that the factual allegations contained in his "declaration" are the kinds of circumstantial facts necessary to state a cognizable claim. If Plaintiff chooses to file a second amended complaint, he should submit one single amended pleading that includes the kind of factual detail presented in the June 18, 2012, declaration.

example, if officers are not present at the time of a constitutional violation, they have no realistic opportunity to intercede. Id. at 1290. In addition, if a constitutional violation occurs too quickly, there may no realistic opportunity to intercede to prevent the violation. See, e.g., Knapps v. City of Oakland, 647 F.Supp.2d 1129, 1159-60 (N.D. Cal. 2009).

The First Amended Complaint does not allege that Defendant Saenz participated in either application of force, only that he was present each time. In order to state a cognizable Fourth Amendment claim against Defendant Saenz for failing to intercede, Plaintiff must allege facts demonstrating that Saenz had a realistic opportunity to intercede and nevertheless failed to do so each time Defendant Martinez attacked Plaintiff.

## V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff a final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed May 24, 2012;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   June 28, 2012                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE

8