UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VISALIA POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | CASE No. 1:11-cv-01266-AWI-MJS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>ECF NO. 36<br><br>OBJECTIONS DUE WITHING FOURTEEN (14) DAYS |

　　　　Plaintiff Rene Gonzalez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 1, 2011. (ECF No. 1.)  On September 30, 2013, the Court's September 19, 2013 order denying Plaintiff's Motion to Extend Time was returned by the United States Postal Service as undeliverable to Plaintiff.  More than 63 days have passed and Plaintiff has not provided the Court with a new address or otherwise responded.

　　　　Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss

1

1 the action without prejudice for failure to prosecute.

2 In the instant case, over sixty-three days have passed since the Court's
3 September 19, 2013 order, directed to Plaintiff, was returned, and he has not notified the
4 Court of a current address.

5 On December 20, 2013, the Court ordered Plaintiff, within fourteen days, to show
6 cause why his case should not be dismissed for failure to prosecute.  (ECF No. 36.)  The
7 deadline has passed without Plaintiff responding further.

8 In determining whether to dismiss an action for lack of prosecution, the Court
9 must consider several factors: (1) the public's interest in expeditious resolution of
10 litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the
11 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
12 availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th
13 Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the
14 public's interest in expeditiously resolving this litigation and the Court's interest in
15 managing the docket weigh in favor of dismissal.  The Court cannot hold this case in
16 abeyance indefinitely based on Plaintiff's failure to notify the court of his address.  The
17 third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a
18 presumption of injury arises from the occurrence of unreasonable delay in prosecuting
19 an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -
20 public policy favoring disposition of cases on their merits - is greatly outweighed by the
21 factors in favor of dismissal discussed herein.  Finally, given the Court's inability to
22 communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his
23 current address, no lesser sanction is feasible.

24 Accordingly, the Court HEREBY RECOMMENDS DISMISSAL of this action,
25 without prejudice, based on Plaintiff's failure to prosecute.  Local Rule 183(b).

26 These Findings and Recommendations will be submitted to the United States
27 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
28 636(b)(l).  Within fourteen (14) days after being served with these Findings and

Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 10, 2014              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE